Filed 8/3/21  P. v. Colbert CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>IVAN COLBERT,<br><br>    Defendant and Appellant. | C092227<br><br>(Super. Ct. No. 19FE004472) |

Appointed counsel for defendant Ivan Colbert has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

**BACKGROUND**

After an argument, defendant pointed a gun at the victim, with whom he had a dating relationship, and threatened to shoot her.  The prosecution charged defendant with

1

assault with a firearm (Pen. Code, § 245, subd. (a)(2); count one),[1] making a criminal threat (§ 422; count two), and unlawful possession of a firearm (§ 29800, subd. (a)(1)). The prosecution also alleged defendant had personally used a firearm as to counts one and two (§ 12022.5, subd. (a)) and had two prior strike convictions (§ 667, subds. (b)-(i)).

Defendant pleaded no contest to count two and admitted the firearm enhancement and one prior strike conviction in exchange for a stipulated sentence of eight years. The court dismissed the outstanding balance of charges in the case, and the prosecution agreed not to prosecute defendant on any new charges arising from phone calls he had made from jail.

At the sentencing hearing, the court sentenced defendant to a term of eight years in state prison, composed of the midterm sentence of two years for count two, doubled for the prior strike, plus four additional years for the midterm on the firearm enhancement. Based on defense counsel's request to waive nonmandatory fees, the court imposed the minimum mandatory fees and fines referenced in the probation report, which included a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), suspended pending parole revocation, a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). The court waived all discretionary fees.

Defendant filed a notice of appeal and attached a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right

---

[1] Undesignated statutory references are to the Penal Code.

to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

                           /s/
                           HOCH, J.

We concur:

 /s/
RAYE, P. J.

 /s/
MURRAY, J.

3